Filed
D.C. Superior Court
03/04/2021 15:55PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br>a municipal corporation,<br>400 6th Street, N.W<br>Washington, D.C. 20001,<br><br>                Plaintiff,<br><br>v.<br><br>VIZION ONE, INCORPORATED<br>6856 EASTERN AVENUE, N.W.<br>WASHINGTON, D.C. 20012,<br><br>                Defendant. | Civil Action No.: _____ |

## COMPLAINT FOR UNJUST ENRICHMENT

The District of Columbia ("District"), by its Office of the Attorney General, brings this action against Defendant Vizion One, Incorporated ("Vizion One"), for damages and all appropriate relief, as follows.

1.    This case arises out of Vizion One's submission of fraudulent claims to the District's Medicaid Program for services not actually provided or legally covered by the Program in order to unlawfully enrich itself at the expense of the District and its residents.

2.    Vizion One engaged in an elaborate scheme to unlawfully attain funds from the District's Medicaid Program, administered by the District's Department of Health Care Finance ("DHCF"). Vizion One employed Personal Care Aides ("PCA"), who recruited and bribed Medicaid Beneficiaries ("Beneficiaries") to falsely claim they needed, and received, care that was not actually needed or provided to them. Some of the recruited Beneficiaries were not residents of the District and were provided District

addresses by Vizion One in order to fraudulently collect money from the District Medicaid Program. As part of this scheme, Vizion One also paid kickbacks to chiropractors to execute fraudulent treatment plans for submission to the District's Medicaid Program for reimbursement.

3.      The District brings this action to recover funds unjustly obtained by Vizion One at the expense of the District's taxpayers and Medicaid Program.

## Jurisdiction and Parties

4.      This Court has jurisdiction over the subject matter of this action pursuant to D.C. Code § 11-921 as this action is brought by the District. This Court has personal jurisdiction over Defendant pursuant to D.C. Code §§ 13-422, 423(a)(1) and (3).

5.      Plaintiff, the District of Columbia, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District is represented by and through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

6.      Defendant Vizion One was a home health agency ("HHA") that employed PCAs to provide services to District Medicaid Beneficiaries. Vizion One was licensed as an HHA by the District's Department of Health.

## The Medicaid Program

7.      Medicaid is a healthcare program established by Congress under Title XIX of the Social Security Act of 1965. In the District, Medicaid is jointly funded by the federal and District governments.   DHCF is the agency that administers the District's

Medicaid Program. The District's Medicaid Program provides healthcare coverage to residents of the District whose incomes are below a certain financial threshold as measured against the poverty line.

8.      DHCF enters into agreements with medical providers to secure particular Medicaid benefits. D.C. Code § 7-771.07(7). Among those benefits are PCA services. PCA services are performed by individuals who go to a Beneficiary's home and provide assistance with the activities of daily living ("ADLs"). ADLs include the ability to get in and out of bed, bathe, dress, eat, take medication prescribed for self-administration, and engage in toileting.

9.      In the District, PCA services are provided to Beneficiaries by PCAs employed by an HHA.

10.     To be eligible to participate in the District's Medicaid Program, HHAs are required to abide by all federal and local laws, regulations, and District program manuals governing Medicaid payments. To receive payments from the District Medicaid Program, HHAs are required to submit claims, electronically or in paper form, to DHCF. As part of the claims process, an HHA has to identify certain information related to the provision of services including the name of the District Beneficiary, the dates of service, the type of services provided and the corresponding Medicaid billing codes for those services, the length of time a service is provided, and the amount of money claimed for reimbursement from the District Medicaid Program. Beginning on or about July 2, 2012, claims had to include the National Provider Identifier of the physician who had prescribed the PCA services. The District's Medicaid program only pays for services that are deemed medically reasonable and necessary by a qualified medical professional and that are provided as claimed.

11.     During the relevant period, to receive PCA services covered by the District's Medicaid Program, a Beneficiary must obtain a prescription from a physician or an advanced practice registered nurse (herein referred to as a nurse practitioner). The District's Medicaid Program will only reimburse PCA services if a physician or nurse practitioner determines, after a physical examination, that the beneficiary is functionally limited in one or more ADLs. The prescribing physician or nurse practitioner must have an expectation that the medical, nursing, and social needs of a Beneficiary could be adequately and safely met in the Beneficiary's home. To reach this determination, a physician or nurse practitioner must perform a physical examination focused on the Beneficiary's ability to perform ADLs and the Beneficiary's specific living environment and living arrangements. The prescription sets forth the recommended frequency and duration of PCA visits.

12.     After receiving a prescription, a District Medicaid Beneficiary presents the prescription to an HHA. The HHA will assign a PCA to the Beneficiary and arrange for a registered nurse to draft a plan of care or a plan of treatment ("POC") after performing an initial assessment of the Beneficiary's functional status and needs. The POC is required to specify the frequency, duration, and expected outcome of the PCA services, and to be individualized to meet the Beneficiary's needs. The POC must be approved within 30 days of the start of the provision of PCA services to the Beneficiary and must be re-certified by the physician or nurse practitioner at least once every six months. The POC must also be reviewed by a registered nurse at least once every sixty-two days and updated and modified as needed to address the Beneficiary's changing medical needs.

13.     Prescriptions and POCs are only valid if signed by a licensed physician or nurse practitioner.

14.     The instructions in a prescription state that the "Physician/Nurse Practitioner (NP) is to complete all sections [of the prescription] . . . and transit to home health agency as the order for personal care services." Box 12 of the prescription is titled "Justification. Ordering Physician/NP Must Specify." Box 13 of the prescription is the certification and provides for the "Signature of Ordering Physician/NP."

15.     The last page of the POC contains a section titled "Practitioner approving Plan of Care," and the signatory line states "physician/nurse practitioner."

16.     According to the District of Columbia Health Occupations Revisions Act, D.C. Code §§ 3-1201 *et seq.*, individuals licensed as chiropractors are neither physicians nor advanced practice registered nurses (nurse practitioners) and cannot practice medicine or provide prescriptions for PCA services.

### Vizion One's Scheme to Unlawfully Enrich Itself

17.     From on or about January 2012 to on or about April 2014, Vizion One engaged in a scheme to unlawfully obtain money from the District Medicaid Program by submitting false claims for services that were invalidly authorized or never provided.

18.     Vizion One employees recruited Medicaid Beneficiaries to request PCA services that they did not need and ultimately, did not receive. Vizion One also used Beneficiaries and other non-employees ("Recruiters") who were paid kickbacks to recruit new Beneficiaries into the scheme.

19.     Vizion One employees and Recruiters canvassed underserved populations, such as homeless shelters. They would find a Beneficiary and offer them cash payments to claim they needed PCA services.  Recruiters also recruited Beneficiaries outside District agency offices, including the Department of Human Services processing centers and the Department on Disability Services' offices where Beneficiaries were attending to

other matters involving Medicaid enrollment or services. Once a Beneficiary agreed to enter the scheme, the Recruiter would coordinate with a Vizion One employee to assist the Beneficiary in getting approved for PCA services.

20.     Vizion One employees and Recruiters also paid already-recruited Beneficiaries to enlist other Beneficiaries. For example, one such Beneficiary was a regular patient at a healthcare clinic. He was familiar with other Beneficiaries that were also patients at the same clinic. Vizion One employees and Recruiters paid him $100 for each Beneficiary he could recruit to falsely claim they needed PCA services.

21.     If recruited Beneficiaries did not have a District address, such as homeless Beneficiaries or those who lived outside the District, the Vizion One employee or Recruiter would provide them with a D.C. address to qualify for in-home services through Medicaid.

22.     On occasion, Vizion One employees and Recruiters would coach the Beneficiary on what to say to physicians and nurse practitioners to convince them that they had a medical need for PCA services. Once the Beneficiary obtained the prescription for PCA care, Vizion One would not provide services to the Beneficiary. Instead, a Vizion One employee would pay the Beneficiary a sum of money, sometimes up to $200 every two weeks, to sign time sheets stating services were provided, when they were not.

23.     Vizion One also recruited chiropractors to prescribe PCA services to Beneficiaries. The recruited chiropractors were neither physicians nor nurse practitioners and were not legally or medically qualified to prescribe these services.

24.     Vizion One employees would bring Beneficiaries to the chiropractors' office for an intake examination that was required for the prescription.  The chiropractor would do a brief "examination" and would typically prescribe the maximum allowable

PCA services for eight hours a day, seven days a week, for six months.  Vizion One gave the chiropractors examples of pre-filled intake exam forms so they understood what to write on the prescription that would qualify Beneficiaries for services.

25.     After the sham examination, the Vizion One employee would take the signed intake form back to Vizion One, which would prepare a POC. Once the POC was created, Vizion One would send it back to the chiropractor, often via facsimile, and the chiropractor would sign on the line designated for a "physician" signature.

26.     On some occasions, Vizion One would send chiropractors prefilled forms for initial intakes, the required six-month reexaminations, and POCs, and the chiropractors would sign the form without ever meeting with the Beneficiary.

27.     Vizion One employees paid the chiropractors cash payments up to approximately $200 for each Beneficiary that the chiropractors prescribed services to.

28.     Vizion One used these sham examinations and POCs to support and justify their claims for payment to the District Medicaid Program.

29.     During the relevant time period, a typical fraudulent prescription secured by Vizion One translated into a POC for eight hours of PCA services every day for five days a week or eight hours every day for seven days a week for a six-month time span.  A single prescription and POC resulted in the District's Medicaid Program paying Vizion One approximately $16,952.00 or $23,732.00 for PCA services that were not medically necessary, were not properly authorized, and were not actually provided.

## COUNT I

### Unjust Enrichment

30.     The District realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     This is a claim for the recovery of monies by which Defendant Vizion One has been unjustly enriched.

32.     By directly or indirectly obtaining government funds from the District Medicaid Program to which it was not entitled, Vizion One was unjustly enriched to the detriment of the District by over three million dollars.

### Prayer for Relief

WHEREFORE, the District respectfully requests that judgment be entered in its favor and against Defendant on its claims, and impose damages as follows:

(1)     On Count I against Defendant Vizion One, awarding the District actual damages in an amount to be determined at trial;

(2)     Awarding the District interest, costs, and other recoverable expenses permitted by law; and

(3)     Awarding the District such further and additional relief as the Court may deem just and proper.

### Jury Demand

The District of Columbia hereby demands a trial by jury on all issues triable by a jury and by the maximum number of jurors permitted by law.

Date:  March 4, 2021                    Respectfully submitted,

                                        KARL A. RACINE
                                        Attorney General for the District of Columbia

                                        KATHLEEN KONOPKA
                                        Deputy Attorney General
                                        Public Advocacy Division

                                         _/s/ Catherine A. Jackson_____
                                        CATHERINE A. JACKSON
                                        (D.C. Bar No. 1005415)
                                        Chief, Public Integrity Section

                                         _/s/ Jennifer C. Jones_____
                                        JENNIFER C. JONES
                                        (D.C. Bar No. 1737225)
                                        Senior Trial Counsel
                                        Office of the Attorney General
                                        400 6th Street, N.W., 10th Floor
                                        Washington, D.C. 20001
                                        (202) 741-8871 (email)jen.jones@dc.gov

                                        *Attorneys for the District of Columbia*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

District of Columbia

_____
                                                          Plaintiff
                    vs.                                                              Case Number _____

Vizion One, Incorporated
    SERVE: Donald M. Temple, Esq.
    Temple Law Offices                                    Defendant
    1310 L Street, NW  Suite 750
    Washington, D.C. 20005                    **SUMMONS**

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jennifer Jones, Sr. Trial Counsel                            _Clerk of the Court_
_____
Name of Plaintiff's Attorney

DC Office of the Attorney General                        By _____
_____
Address                                                                              Deputy Clerk
400 6th Street N.W. Washington, D.C. 20001

(202) 741-8871                                                        Date _____
_____
Telephone
如需翻译, 请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Đế có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____ Demandante

contra                                                          Número de Caso: _____

_____ Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

Por: _____

_____                    Subsecretario
Dirección

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

(202) 879-4828           የተረጎመ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

V-3110 [Rev. June 2017]                                                          Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

District of Columbia

vs

Vizion One, Incorporated

Case Number: _____

Date: March 4, 2021

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* <br> Jennifer Jones, Sr. Trial Counsel | Relationship to Lawsuit |
| Firm Name: <br> DC Office of the Attorney General | ☒ Attorney for Plaintiff <br> ☐ Self (Pro Se) |
| Telephone No.:          Six digit Unified Bar No.: <br> (202) 741-8871          1737225 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury          ☐ 6 Person Jury          ☒ 12 Person Jury

Demand: $ damages to be determined at trial, estimated Other: interest, attorney fees, costs and penalties as
over three million dollars          determined by the Court

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____          Judge: _____          Calendar #: 6

Case No.: _____          Judge: _____          Calendar #: _____

---

NATURE OF SUIT:          *(Check One Box Only)*

**A. CONTRACTS**                                          COLLECTION CASES

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent          ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent          ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument          ☐ 27 Insurance/Subrogation          ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                  Over $25,000 Pltf. Grants Consent                  Over $25,000 Consent Denied
☐ 13 Employment Discrimination          ☐ 07 Insurance/Subrogation          ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees                  Under $25,000 Pltf. Grants Consent                  Under $25,000 Consent Denied
                                        ☐ 28 Motion to Confirm Arbitration
                                              Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile          ☐ 03 Destruction of Private Property          ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 10 Invasion of Privacy          ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection          ☐ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery          ☐ 12 Malicious Interference          ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury          ☐ 13 Malicious Prosecution          ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)          ☐ 14 Malpractice Legal          ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 15 Malpractice Medical (Including Wrongful Death)          ☐ 21 Asbestos
☐ 07 False Arrest          ☐ 16 Negligence- (Not Automobile,          ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                  Not Malpractice)          ☐ 23 Tobacco
                                        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   X   IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10  Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [X] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D.  REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

3/4/2021
_____
Date

CV-496/ June 2015

Filed
D.C. Superior Court
03/04/2021 15:55PM
Clerk of the Court

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br>a municipal corporation,<br>400 6th Street, N.W<br>Washington, D.C. 20001,<br><br>         Plaintiff,<br><br>v.<br><br>VIZION ONE, INCORPORATED<br>6856 EASTERN AVENUE, N.W.<br>WASHINGTON, D.C. 20012,<br><br>         Defendant. | Civil Action No.: ___2021 CA 00675 B___ |

## COMPLAINT FOR UNJUST ENRICHMENT

      The District of Columbia ("District"), by its Office of the Attorney General, brings this action against Defendant Vizion One, Incorporated ("Vizion One"), for damages and all appropriate relief, as follows.

      1.    This case arises out of Vizion One's submission of fraudulent claims to the District's Medicaid Program for services not actually provided or legally covered by the Program in order to unlawfully enrich itself at the expense of the District and its residents.

      2.    Vizion One engaged in an elaborate scheme to unlawfully attain funds from the District's Medicaid Program, administered by the District's Department of Health Care Finance ("DHCF"). Vizion One employed Personal Care Aides ("PCA"), who recruited and bribed Medicaid Beneficiaries ("Beneficiaries") to falsely claim they needed, and received, care that was not actually needed or provided to them. Some of the recruited Beneficiaries were not residents of the District and were provided District

addresses by Vizion One in order to fraudulently collect money from the District Medicaid Program. As part of this scheme, Vizion One also paid kickbacks to chiropractors to execute fraudulent treatment plans for submission to the District's Medicaid Program for reimbursement.

3.      The District brings this action to recover funds unjustly obtained by Vizion One at the expense of the District's taxpayers and Medicaid Program.

## Jurisdiction and Parties

4.      This Court has jurisdiction over the subject matter of this action pursuant to D.C. Code § 11-921 as this action is brought by the District. This Court has personal jurisdiction over Defendant pursuant to D.C. Code §§ 13-422, 423(a)(1) and (3).

5.      Plaintiff, the District of Columbia, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District is represented by and through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

6.      Defendant Vizion One was a home health agency ("HHA") that employed PCAs to provide services to District Medicaid Beneficiaries. Vizion One was licensed as an HHA by the District's Department of Health.

## The Medicaid Program

7.      Medicaid is a healthcare program established by Congress under Title XIX of the Social Security Act of 1965. In the District, Medicaid is jointly funded by the federal and District governments.  DHCF is the agency that administers the District's

2

Medicaid Program. The District's Medicaid Program provides healthcare coverage to residents of the District whose incomes are below a certain financial threshold as measured against the poverty line.

8.     DHCF enters into agreements with medical providers to secure particular Medicaid benefits. D.C. Code § 7-771.07(7). Among those benefits are PCA services. PCA services are performed by individuals who go to a Beneficiary's home and provide assistance with the activities of daily living ("ADLs"). ADLs include the ability to get in and out of bed, bathe, dress, eat, take medication prescribed for self-administration, and engage in toileting.

9.     In the District, PCA services are provided to Beneficiaries by PCAs employed by an HHA.

10.     To be eligible to participate in the District's Medicaid Program, HHAs are required to abide by all federal and local laws, regulations, and District program manuals governing Medicaid payments. To receive payments from the District Medicaid Program, HHAs are required to submit claims, electronically or in paper form, to DHCF. As part of the claims process, an HHA has to identify certain information related to the provision of services including the name of the District Beneficiary, the dates of service, the type of services provided and the corresponding Medicaid billing codes for those services, the length of time a service is provided, and the amount of money claimed for reimbursement from the District Medicaid Program. Beginning on or about July 2, 2012, claims had to include the National Provider Identifier of the physician who had prescribed the PCA services. The District's Medicaid program only pays for services that are deemed medically reasonable and necessary by a qualified medical professional and that are provided as claimed.

11.     During the relevant period, to receive PCA services covered by the District's Medicaid Program, a Beneficiary must obtain a prescription from a physician or an advanced practice registered nurse (herein referred to as a nurse practitioner). The District's Medicaid Program will only reimburse PCA services if a physician or nurse practitioner determines, after a physical examination, that the beneficiary is functionally limited in one or more ADLs. The prescribing physician or nurse practitioner must have an expectation that the medical, nursing, and social needs of a Beneficiary could be adequately and safely met in the Beneficiary's home. To reach this determination, a physician or nurse practitioner must perform a physical examination focused on the Beneficiary's ability to perform ADLs and the Beneficiary's specific living environment and living arrangements. The prescription sets forth the recommended frequency and duration of PCA visits.

12.     After receiving a prescription, a District Medicaid Beneficiary presents the prescription to an HHA. The HHA will assign a PCA to the Beneficiary and arrange for a registered nurse to draft a plan of care or a plan of treatment ("POC") after performing an initial assessment of the Beneficiary's functional status and needs. The POC is required to specify the frequency, duration, and expected outcome of the PCA services, and to be individualized to meet the Beneficiary's needs. The POC must be approved within 30 days of the start of the provision of PCA services to the Beneficiary and must be re-certified by the physician or nurse practitioner at least once every six months. The POC must also be reviewed by a registered nurse at least once every sixty-two days and updated and modified as needed to address the Beneficiary's changing medical needs.

13.     Prescriptions and POCs are only valid if signed by a licensed physician or nurse practitioner.

14.     The instructions in a prescription state that the "Physician/Nurse Practitioner (NP) is to complete all sections [of the prescription] . . . and transit to home health agency as the order for personal care services." Box 12 of the prescription is titled "Justification. Ordering Physician/NP Must Specify." Box 13 of the prescription is the certification and provides for the "Signature of Ordering Physician/NP."

15.     The last page of the POC contains a section titled "Practitioner approving Plan of Care," and the signatory line states "physician/nurse practitioner."

16.     According to the District of Columbia Health Occupations Revisions Act, D.C. Code §§ 3-1201 *et seq.*, individuals licensed as chiropractors are neither physicians nor advanced practice registered nurses (nurse practitioners) and cannot practice medicine or provide prescriptions for PCA services.

**Vizion One's Scheme to Unlawfully Enrich Itself**

17.     From on or about January 2012 to on or about April 2014, Vizion One engaged in a scheme to unlawfully obtain money from the District Medicaid Program by submitting false claims for services that were invalidly authorized or never provided.

18.     Vizion One employees recruited Medicaid Beneficiaries to request PCA services that they did not need and ultimately, did not receive. Vizion One also used Beneficiaries and other non-employees ("Recruiters") who were paid kickbacks to recruit new Beneficiaries into the scheme.

19.     Vizion One employees and Recruiters canvassed underserved populations, such as homeless shelters. They would find a Beneficiary and offer them cash payments to claim they needed PCA services. Recruiters also recruited Beneficiaries outside District agency offices, including the Department of Human Services processing centers and the Department on Disability Services' offices where Beneficiaries were attending to

other matters involving Medicaid enrollment or services. Once a Beneficiary agreed to enter the scheme, the Recruiter would coordinate with a Vizion One employee to assist the Beneficiary in getting approved for PCA services.

20.     Vizion One employees and Recruiters also paid already-recruited Beneficiaries to enlist other Beneficiaries. For example, one such Beneficiary was a regular patient at a healthcare clinic. He was familiar with other Beneficiaries that were also patients at the same clinic. Vizion One employees and Recruiters paid him $100 for each Beneficiary he could recruit to falsely claim they needed PCA services.

21.     If recruited Beneficiaries did not have a District address, such as homeless Beneficiaries or those who lived outside the District, the Vizion One employee or Recruiter would provide them with a D.C. address to qualify for in-home services through Medicaid.

22.     On occasion, Vizion One employees and Recruiters would coach the Beneficiary on what to say to physicians and nurse practitioners to convince them that they had a medical need for PCA services. Once the Beneficiary obtained the prescription for PCA care, Vizion One would not provide services to the Beneficiary. Instead, a Vizion One employee would pay the Beneficiary a sum of money, sometimes up to $200 every two weeks, to sign time sheets stating services were provided, when they were not.

23.     Vizion One also recruited chiropractors to prescribe PCA services to Beneficiaries. The recruited chiropractors were neither physicians nor nurse practitioners and were not legally or medically qualified to prescribe these services.

24.     Vizion One employees would bring Beneficiaries to the chiropractors' office for an intake examination that was required for the prescription.  The chiropractor would do a brief "examination" and would typically prescribe the maximum allowable

PCA services for eight hours a day, seven days a week, for six months.  Vizion One gave the chiropractors examples of pre-filled intake exam forms so they understood what to write on the prescription that would qualify Beneficiaries for services.

25.     After the sham examination, the Vizion One employee would take the signed intake form back to Vizion One, which would prepare a POC. Once the POC was created, Vizion One would send it back to the chiropractor, often via facsimile, and the chiropractor would sign on the line designated for a "physician" signature.

26.     On some occasions, Vizion One would send chiropractors prefilled forms for initial intakes, the required six-month reexaminations, and POCs, and the chiropractors would sign the form without ever meeting with the Beneficiary.

27.     Vizion One employees paid the chiropractors cash payments up to approximately $200 for each Beneficiary that the chiropractors prescribed services to.

28.     Vizion One used these sham examinations and POCs to support and justify their claims for payment to the District Medicaid Program.

29.     During the relevant time period, a typical fraudulent prescription secured by Vizion One translated into a POC for eight hours of PCA services every day for five days a week or eight hours every day for seven days a week for a six-month time span.  A single prescription and POC resulted in the District's Medicaid Program paying Vizion One approximately $16,952.00 or $23,732.00 for PCA services that were not medically necessary, were not properly authorized, and were not actually provided.

## COUNT I

### Unjust Enrichment

30.    The District realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

31.    This is a claim for the recovery of monies by which Defendant Vizion One has been unjustly enriched.

32.    By directly or indirectly obtaining government funds from the District Medicaid Program to which it was not entitled, Vizion One was unjustly enriched to the detriment of the District by over three million dollars.

### Prayer for Relief

WHEREFORE, the District respectfully requests that judgment be entered in its favor and against Defendant on its claims, and impose damages as follows:

(1)    On Count I against Defendant Vizion One, awarding the District actual damages in an amount to be determined at trial;

(2)    Awarding the District interest, costs, and other recoverable expenses permitted by law; and

(3)    Awarding the District such further and additional relief as the Court may deem just and proper.

### Jury Demand

The District of Columbia hereby demands a trial by jury on all issues triable by a jury and by the maximum number of jurors permitted by law.

Date:  March 4, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

KATHLEEN KONOPKA
Deputy Attorney General
Public Advocacy Division

 /s/ Catherine A. Jackson
CATHERINE A. JACKSON
(D.C. Bar No. 1005415)
Chief, Public Integrity Section

 /s/ Jennifer C. Jones
JENNIFER C. JONES
(D.C. Bar No. 1737225)
Senior Trial Counsel
Office of the Attorney General
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
(202) 741-8871 (email)jen.jones@dc.gov

***Attorneys for the District of Columbia***

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

District of Columbia

Plaintiff

vs.

Vizion One, Incorporated
SERVE: Donald M. Temple, Esq.
Temple Law Offices
1310 L Street, NW  Suite 750
Washington, D.C. 20005

Defendant

Case Number    2021 CA 00675 B

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jennifer Jones, Sr. Trial Counsel
Name of Plaintiff's Attorney

DC Office of the Attorney General
Address
400 6th Street N.W. Washington, D.C. 20001

(202) 741-8871
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date    **03/08/2021**

如需翻译, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화하십시오        ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

contra

                                    Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                        Por: _____
_____              Subsecretario
Dirección

                        Fecha _____
_____
Teléfono
如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
한국어로 문의하려면 (202) 879-4828로 연락하십시오      ፍላጎት ከተሰኘ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

V-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

District of Columbia

Case Number: 2021 CA 00675 B

Date: March 4, 2021

vs

Vizion One, Incorporated

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Jennifer Jones, Sr. Trial Counsel | Relationship to Lawsuit<br>☒ Attorney for Plaintiff |
| Firm Name:<br>DC Office of the Attorney General | ☐ Self (Pro Se) |
| Telephone No.:        Six digit Unified Bar No.:<br>(202) 741-8871        1737225 | ☐ Other: |

TYPE OF CASE: ☐ Non-Jury        ☐ 6 Person Jury        ☒ 12 Person Jury

Demand: $ damages to be determined at trial, estimated Other: interest, attorney fees, costs and penalties as
over three million dollars        determined by the Court

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____        Judge: _____        Calendar #: 6

Case No.: _____        Judge: _____        Calendar#: _____

---

NATURE OF SUIT:        *(Check One Box Only)*

**A. CONTRACTS**

| | COLLECTION CASES | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| | Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 23 Tobacco |
| ☐ 08 Fraud | Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE   X   IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [X] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

3/4/2021
_____
Date

CV-496/ June 2015

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

DISTRICT OF COLUMBIA
   Vs.                                  C.A. No.     2021 CA 000675 B
VIZION ONE, INCORPORATED

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.

No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:     March 5, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, June 04, 2021
Location:   Courtroom 100
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to carlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

### Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option** #2

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|---|
| | 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| | 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| | 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| | 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| | 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| | JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| | A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| | B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| | B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| | B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| | B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |