UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DISTRICT OF COLUMBIA**, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-cv-1071 (TSC) |
| **VIZION ONE, INCORPORATED**, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

On March 4, 2021, the District of Columbia sued Vizion One, Incorporated, in the Superior Court of the District of Columbia.  Compl. for Dec. Judg., *Dist. of Columbia v. Vizion One, Inc.*, 2021 CA 000675 B (D.C. Super. Ct. Mar. 4, 2021).  Vizion One removed the case to this court, and in response, the District filed a motion to remand the case to D.C. Superior Court, arguing that this court lacks subject-matter jurisdiction.  ECF No. 6, Mot. to Remand.  The District also requests fees and costs associated with Vizion One's removal.  *Id.* at 8.  For the reasons explained below, the court will GRANT the District's motion to remand but will not award associated fees and costs.

### I.  BACKGROUND

The District's Complaint—originally brought in D.C. Superior Court—claims that Vizion One submitted "fraudulent claims to the District's Medicaid Program for services not actually provided or legally covered by the Program in order to unlawfully enrich itself at the expense of the District and its residents."  ECF No. 1-3, Ex. 3, Compl. ¶ 1.  Specifically, the District alleges that between January 2012 and April 2014, Vizion One "engaged in a scheme to unlawfully

obtain money from the District Medicaid Program by submitting false claims for services that were invalidly authorized or never provided." Compl. ¶ 17. Vizion One allegedly "employed Personal Care Aides" who "recruited and bribed Medicaid Beneficiaries" to submit false claims and paid kickbacks to [unauthorized] chiropractors . . . to execute fraudulent treatment plans for submission to the District's Medicaid Program for reimbursement." Compl. ¶¶ 2, 23.

Soon after the District filed its Complaint, Vizion One filed a Notice of Removal, removing the case from D.C. Superior Court to this court. In support of removal, Vizion One claimed that jurisdiction is appropriate under 28 U.S.C. §§ 1331, 1441, and 1446 because the lawsuit violates its "constitutional due process rights." Notice of Rem. ¶ 3. Vizion One asks the court to (1) accept jurisdiction, (2) ascertain whether the lawsuit has been timely brought, and if so (3) consolidate it with *Vizion One, Inc. v. District of Columbia, et al.*, Case: 1:14-cv-00550 (D.D.C. May 23, 2014). *See* Notice of Rem. ¶ 8.

The District responded with a motion to remand this case to D.C. Superior Court, arguing that its sole claim for relief—unjust enrichment—presents questions of District, not federal law, and that Vizion One has not otherwise established the court's jurisdiction. Mot. to Remand at 6. The District also requests costs and fees associated with "the improper removal of this case" under 28 U.S.C. § 1447(c). *Id.* at 1.

## II.  LEGAL STANDARD

"A civil action filed in state court may only be removed to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC.*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014) (citing 28 U.S.C. § 1441(a)). As the party opposing the motion to remand, Vizion One "bears the burden of establishing that subject matter jurisdiction exists in federal court." *Id.* at 30 (internal quotation marks

omitted); *accord Doe v. Georgetown Synagogue—Kesher Israel Congregation*, No. 15-0026, 2015 WL 4509553, at *2 (D.D.C. July 24, 2015) ("The party supporting removal bears the burden of establishing the Court's jurisdiction.") (internal quotation marks omitted). Moreover, "[c]ourts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. Dist. of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011); *see also Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) ("Courts must strictly construe removal statutes. The court must resolve any ambiguities concerning the propriety of removal in favor of remand.") (internal citations omitted). "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venez. v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

### III.  ANALYSIS

**A.  Remand**

The District argues that the court must remand its lawsuit to D.C. Superior Court because its Complaint does not present any question of federal law and because Vizion One has not established federal jurisdiction through any other means. *See* Mot. to Remand at 2. The court agrees.

1. Federal Question Jurisdiction

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When considering whether a lawsuit invokes federal-question jurisdiction, courts rely on the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*,

482 U.S. 386, 392 (1987) (internal quotation marks omitted); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). The rule recognizes that the plaintiff is "master of the claim" and may rely exclusively on state law to avoid federal question jurisdiction. *Caterpillar*, 482 U.S. at 392; *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.") (cleaned up).

Here, the District's Complaint alleges a single count of unjust enrichment based on a violation of District common law. Compl. ¶¶ 1–3; Mot. to Remand at 6. Vizion One admits that "the District's single unjust enrichment count is based upon state law" and does not identify any federal question presented on the face of the District's Complaint. Def's Opp'n at 7. Instead, it forecasts what its legal defense would be at trial—that the District's suit "violates [Vizion One's] constitutional due process rights"—and argues that this defense gives rise to federal question jurisdiction. Notice of Rem. ¶ 3. Vizion One's argument is unavailing.

In determining whether federal law is involved for the purposes of federal question jurisdiction, courts look to the four corners of a plaintiff's complaint, not to the defendant's asserted defenses. *See, e.g.*, *Caterpillar*, 482 U.S. at 393 ("It is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Nor would such "stray references" to "substantive and due process rights"—such as the ones Vizion One makes—be enough to confer subject matter jurisdiction. *See Fields v. Dist. of Columbia*, 155 F. Supp. 3d 9, 10–12 (D.D.C. 2016) (citing *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10–11 n.26 (1st Cir. 2004))

(explaining that allegations of violations of "due process" are not considered "a claim under the Federal Constitution" where an "explicit reference to the . . . Constitution [is not] contained in the complaint.").

The District is the "master of the claim," and by relying exclusively on D.C. law in its Complaint, it has avoided federal question jurisdiction. *Caterpillar*, 482 U.S. at 392.[1]

2. <u>Diversity Jurisdiction</u>

Vizion One also fails to satisfy the requirements for diversity jurisdiction. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. While the amount-in-controversy requirement is met here, *see* Compl. ¶ 32 (alleging over $3,000,000 in unjust enrichment), the diversity of citizenship requirement is not because the District of Columbia is not a "citizen" of any state for purposes of diversity jurisdiction. *See Barwood, Inc. v. Dist. of Columbia*, 202 F.3d 290, 292 (D.C. Cir. 2000) (noting the District of Columbia "is not a citizen of a state (or of itself) for diversity purposes") (citing *Long v. Dist. of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987)); *see also Colbert v. Dist. of Columbia*, 5 F. Supp. 3d 44, 50–51 (D.D.C.

---

[1] In its Complaint, the District references the creation of Medicaid under "Title XIX of the Social Security Act of 1965" and "all federal and local laws" that home health agencies are required to abide by to participate in the District's Medicaid Program. ECF No. 1-3, Ex. 3 ¶¶ 7, 10. These peripheral references to federal law, which are unrelated to the District's claim for unjust enrichment, do not trigger federal jurisdiction. *See Caterpillar*, 482 U.S. at 392; *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983) (noting "original federal jurisdiction is unavailable unless it appears some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law."); *Harding-Wright v. Dist. of Columbia Water & Sewer Auth.*, 350 F. Supp. 2d 102, 105 (2005) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.") (citation omitted).

2013) (noting "diversity jurisdiction does not apply to the District of Columbia."). Consequently, there is no diversity jurisdiction here.

    3. <u>Supplemental Jurisdiction</u>

Unable to show either federal question or diversity jurisdiction, Vizion One argues that the court may exercise supplemental jurisdiction over the District's unjust enrichment claim because it relates to a 2014 lawsuit between the two parties. Def.'s Opp'n at 1–2.

As an initial matter, Vizion One makes this argument for the first time in its opposition to the District's motion. By failing to include this argument in its notice of removal, Vizion One potentially runs afoul of the general pleading requirements in Federal Rule of Civil Procedure 8(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (explaining that "a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'" which is subject to the same rules that apply to the general pleading requirements in Federal Rule of Civil Procedure 8(a)) (citing 28 U.S.C. § 1446(a)).

In any event, Vizion One is wrong that the court may assert supplemental jurisdiction over the District's state law claim. First, this court does not have original jurisdiction over any case that is "so related" to the District's suit such that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Contrary to Vizion One's contention, the factual and legal issues presented in this case are distinct from those presented in *Vizion One, Inc. v. District of Columbia, et al.*, Case: 1:14-cv-00550 (D.D.C. May 23, 2014).[2] In *Vizion One, Inc. v. District of Columbia*, Vizion One challenged whether the

---

[2] *Vizion One, Inc. v. Dist. of Columbia* was stayed and administratively closed on March 16, 2020, pending a decision by the District of Columbia Court of Appeals. *See* Minute Order, March 16, 2020, *Vizion One, Inc.*, No. 1:14-cv-883 (D.D.C. May 23, 2014). On May 18, 2021,

District of Columbia Department of Health Care Finance could lawfully suspend provider payments pursuant to requirements in the Affordable Care Act—requirements which Vizion One alleged were unconstitutional. In contrast, this case concerns whether Vizion One committed unjust enrichment in violation of District law by submitting fraudulent claims to the District's Medicaid Program for services not actually provided or legally covered by the Program. The two cases present different facts, claims, and sources of law, such that the court lacks supplemental jurisdiction over the present case.

Second, while claims may be aggregated by supplemental jurisdiction, separate suits, such as those at issue here, may not be. *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction.") (internal citations omitted); *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case [is] pending in federal court [is] not in itself sufficient grounds for removal."); *cf Empagran S.A. v. F. Hoffman-La Roche Ltd.*, 453 F. Supp. 2d 1, 11 (D.D.C. 2006) (rejecting argument that supplemental jurisdiction may be based on prior, independent case).

Ultimately, because Vizion One has not established that this court has subject matter jurisdiction, remand is appropriate. *See Philip Morris Inc.*, 287 F.3d at 196.

---

the Court of Appeals upheld the "temporary suspension of Medicaid payments to Vizion [One] due to suspected fraud." *Id.* at ECF No. 31, Joint Status Report.

B. **Fees & Costs**

When a Plaintiff prevails on a motion to remand, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, an award of costs and expenses, including attorneys' fees, is appropriate "only if the removing party lacked an objectively reasonable basis for seeking removal." *Ballard*, 813 F. Supp. 2d at 39 (quoting *Knop v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011)). Reasonableness is evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Jones v. Dist. of Columbia*, 105 F. Supp. 3d 12, 13–14 (D.D.C. 2015) (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Ultimately, however, the imposition of costs and expenses is at the court's discretion. *See Osei v. Standard Chartered Bank*, No. CV 19-1644-RC, 2020 WL 1270847, at *3 (D.D.C. Mar. 17, 2020), *aff'd*, No. 20-7026, 2020 WL 5666696 (D.C. Cir. July 9, 2020).

The court finds that the non-removability of this case was not so obvious as to warrant an award of costs and expenses. In so finding, the court notes the unique nature of Vizion One's argument that the court may exercise supplemental jurisdiction over the District's suit because it relates to facts and law at issue in an earlier lawsuit involving the same parties. Although Vizion One's argument was ultimately unsuccessful, the court does not find that Vizion One "lacked an objectively reasonable basis for seeking removal," and will therefore exercise its discretion to deny the District's request for costs and expenses.

## IV. CONCLUSION

For the reasons set forth above, the court will GRANT the District's motion to remand this case to the Superior Court of the District of Columbia.

Date: February 22, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge